I regret that I cannot concur in the affirmance in cause No. 26642.
The facts in the two cases are essentially different. In cause No. 26492, Evans had a certificate of public convenience and necessity from the Public Utilities Commission to operate a motor transportation company in interstate commerce. He attempted to delegate the duty of carrying goods to George Moore who did not have a certificate. While one of Moore's agents was driving a truck carrying goods consigned to him by Evans, such truck collided with an automobile which in turn collided with the automobile in which Duncan was riding.
In cause No. 26642, the Universal Carloading Distributing Company entered into an agreement whereby Mid-West Haulers, Inc., agreed to carry certain goods for it under a contract. The Universal Carloading Distributing Company did not have a certificate of necessity and convenience but Mid-West Haulers, Inc., did have such a certificate.
However, Mid-West Haulers, Inc., had complied with every requirement of the law and all the regulations of the Public Utilities Commission necessary to transport lawfully the goods and merchandise. Mid-West Haulers, Inc., carried insurance for the benefit of the *Page 489 
traveling public. The Universal Carloading Distributing Company could not have been required to do more. While the Universal Carloading Distributing Company would be liable upon its contract to any shipper if goods were damaged while being transported by Mid-West Haulers, Inc., there is no reason to extend this liability to include claims of third persons arising in tort, since Mid-West Haulers, Inc., had complied with every provision of the law.
In cause No. 26492, Evans had a certificate to engage in motor transportation business restricted to interstate commerce. He attempted to delegate the duty of carriage of goods to Moore who did not have such a certificate. Moore must therefore be construed to be acting as the agent of Evans, and that construction is in the interest of the traveling public.
He who permits another to act for him, when the other does not comply with all the provisions of the law, does so at his peril. See Pound, The Spirit of the Common Law, 201 and 202, and annotations in 21 A. L. R., 1234.
For the reasons stated I concur in the judgment of affirmance in cause No. 26492, but feel that the judgment in cause No. 26642 should be reversed, and final judgment entered for appellant.
MATTHIAS and MYERS, JJ., concur in the foregoing dissenting opinion. *Page 490